UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10486 FMO (KSx) | Date | **January 5, 2022** |
|---|---|---|---|
| Title | **Brian Whitaker v. Public Storage, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):   Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:**    **(In Chambers) Order Dismissing Action**

Pursuant to the Court's Order of December 23, 2021, (Dkt. 40), and plaintiff Brian Whitaker's Response to the Court's Order of December 23, 2021, (Dkt. 41), plaintiff's first cause of action for violation of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189, (see Dkt. 1, Complaint at ¶¶ 29-37), is dismissed with prejudice for lack of standing and/or mootness.

Plaintiff also alleged a second cause of action for violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. (See Dkt. 1, Complaint at ¶¶ 38-41). Under 28 U.S.C. § 1367(c), a court can decline to assert supplemental jurisdiction over a pendant claim if one of the following four categories applies: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. Here, the court declines to retain supplemental jurisdiction over plaintiff's second cause of action because it has "dismissed all claims over which it has original jurisdiction[.]" See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's First Cause of Action for Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq., is **dismissed with prejudice**.

2. Plaintiff's Second Cause of Action for Violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 is **dismissed without prejudice**.

3. Judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | gga |